94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick A. DILLMAN, Plaintiff-Appellant,
v.
CONTRA COSTA COUNTY; Ruff, Sheriff; Contra Costa County
Board of Supervisors; Shinn, Captain, Defendants-Appellees.
 No. 95-16570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Dillman appeals pro se the district court's entry of summary judgment in favor of defendants in Dillman's 42 U.S.C. § 1983 action. Dillman contends that the district court erred by: (1) determining that no material issues of fact existed in his access to the court claim; (2) ignoring his stolen mail claims; (3) improperly evaluating his interference with mail claims; and (4) relying on a fraudulent declaration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 507 U.S. 1051 (1993). We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 Summary judgment is appropriate "if the party opposing the motion 'fails to make an adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).
 
 Access to the Courts
 
 5
 Prisoners must demonstrate actual injury in order to show that their right of access to the courts was denied. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996); see also Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Thus, inmates must show that prison officials have hindered the prisoners' capability "to file nonfrivolous legal claims challenging their convictions or conditions of confinement." Lewis, 116 S.Ct. at 2182.
 
 
 6
 Dillman contends that the defendants denied him a phone call to this court concerning an appeal in an unrelated matter, and that the denial of the call resulted in dismissal of his appeal. The appeal was dismissed due to lack of jurisdiction. Because Dillman did not make an adequate showing that the denial of the phone call was in any way related to the dismissal of his appeal, his claim fails. See Taylor, 880 F.2d at 1045; see also Lewis, 116 S.Ct. at 2179-80; Sands, 886 F.2d at 1171.[1]
 
 Mail Claims
 
 7
 Dillman contends that documents that he unsuccessfully attempted to send as legal mail were never returned to him, and therefore claims that his mail was "stolen."[2] Dillman, at most, alleged that his jailors negligently deprived him of property, which fails to state a due process claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986).
 
 
 8
 Dillman also argues that the district court "failed to properly evaluate claims of interference with mail" and did not consider other instances of mail interference. The claims fail because Dillman's conclusory and unsupported allegations of interference with his mail are insufficient to defeat a summary judgment motion. See Taylor, 880 F.2d at 1045.
 
 Fraudulent Declaration
 
 9
 Dillman assumes that Frank Weaver's declaration contains false statements. It does not. In any case, Dillman fails to indicate how the allegedly false statements have any bearing on his claims.
 
 Other Claims
 
 10
 Dillman's contention that the defendants engaged in discovery abuse is not supported by the record. The district court was not required to answer Dillman's "motion for a criminal investigation," because the motion was frivolous and mooted by the entry of summary judgment. The record does not indicate that the district court was biased against Dillman. We deny Dillman's remaining claims for relief.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, we deny Dillman's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Dillman is correct that the district court may not rely on statements in Lt. Lyle Shore's declaration that were made on "information and belief," Taylor, 880 F.2d at 1045 n. 3, we affirm the district court on the alternate ground that Dillman alleged no facts showing actual injury, Washington, 969 F.2d at 755
 
 
 [2]
 Jail officials did not permit the documents to be sent as legal mail because Dillman addressed the package to a person who was not a licensed attorney